IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>ST. CLOUD AREA FAMILY YMCA,<br><br>        Defendant. | Civil Action No.<br><br>**C O M P L A I N T**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of sex and constructive discharge and provide appropriate relief to aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity below, St. Cloud Area Family YMCA, ("St. Cloud YMCA" or "Defendant") discriminated against a group of female employees ("Aggrieved Individuals") when it subjected them to a hostile work environment and constructive discharge based on sex in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

1

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3).

4. Defendant is a community family wellness and fitness facility.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Minnesota and the City of St. Cloud in Stearns County.

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, EEOC Charge Nos. 444-2023-02293 and 444-2022-0263 were filed with the Commission alleging violations of Title VII by Defendant.

9. On June 27, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individuals by subjecting them to a hostile work environment and constructive discharge on the basis of sex (female).

10. The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On August 12, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

15. Since at least December 2021, Defendant has engaged in unlawful employment practices at its St. Cloud, Minnesota facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

16. In particular, these practices included, but were not limited to, subjecting Aggrieved Individuals to harassment based on sex, including repeated and unwanted sexual comments. For example, a manager repeatedly propositioned one of the Aggrieved Individuals for sex, which was unwelcome. The manager also subjected the Aggrieved Individuals, including some who were teenagers, to offensive and inappropriate sexual comments about their bodies, and he made demeaning comments about women, all of which was unwelcome.

    a) Defendant was aware of the harassment because some managers of Defendant witnessed instances of the harassment.

    b) Defendant was also aware of the harassment because Aggrieved Individuals reported the harassment to Defendant's managers and asked them to address it.

    c) Defendant unreasonably failed to take prompt, remedial action to prevent or remedy the harassment.

17. Since at least December 2021, Defendant has engaged in unlawful employment practices at its St. Cloud, Minnesota facility in violation of Section 703(a)(1) of Title VII, 42

U.S.C. § 2000e-2(a)(1). In particular:

    a) Defendant constructively discharged one of the Aggrieved Individuals by subjecting her to harassment because of sex, as set forth in Paragraphs 15 - 16.

18. The nature of the harassment, the age of the Aggrieved Individual who was a teenager at the time of the harassment compared to the harasser who was an adult, and Defendant's refusal to promptly address the harassment, created working conditions so intolerable that a reasonable person in the Aggrieved Individual's position would feel compelled to resign.

    a) For example, the teenage Aggrieved Individual reported harassment to her supervisor and a high-level director, but that director refused to address the harassment and instead accused the teenage Aggrieved Individual of engaging in gossip.

    b) Defendant's response to the reports of harassment and its failure to take prompt, remedial action demonstrated to the teenage Aggrieved Individual that Defendant had no intention of addressing or preventing sexual harassment, and that she could expect the harassment to continue.

    c) As a result of these intolerable working conditions and Defendant's refusal to address the harassment promptly and effectively, the teenage Aggrieved Individual was compelled to leave her employment.

19. The effect of the practices complained of above in Paragraphs 15 - 18 has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of sex.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex in violation of Title VII.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole the Aggrieved Individual who was constructively discharged, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

E. Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

G. Order Defendant to pay the Aggrieved Individuals who were subjected to the unlawful practices alleged above punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Order Defendant to pay the Aggrieved Individuals who were subjected to the unlawful practices alleged above prejudgment interest.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated: September 25, 2024

    Karla Gilbride
    General Counsel
    Equal Employment Opportunity Commission
    131 M Street, N.E., 5th Floor
    Washington, D.C. 20507

    Gregory Gochanour
    Regional Attorney
    EEOC Chicago District Office
    230 South Dearborn Street, Ste. 2920
    Chicago, IL 60604
    Email: gregory.gochanour@eeoc.gov

    Justin Mulaire
    Assistant Regional Attorney
    EEOC Chicago District Office
    230 South Dearborn Street, Ste. 2920
    Chicago, IL 60604
    Email: justin.mulaire@eeoc.gov

/s/ Tina Burnside
Tina Burnside (WI #1026965)
Senior Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov


/s/ Elizabeth Banaszak
Elizabeth Banaszak
Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Telephone: (312) 872-9676
Email: elizabeth.banaszak@eeoc.gov