UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ST. CLOUD AREA FAMILY YMCA,<br><br>Defendant. | Case No. 24-cv-3738 (LMP/LIB)<br><br>**ORDER GRANTING MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE** |

Elizabeth B. Banaszak and Justin Mulaire, **U.S. Equal Employment Opportunity Commission, Chicago, IL**; and Tina Burnside, **U.S. Equal Employment Opportunity Commission, Minneapolis, MN**, for Plaintiff.

Kevin M Mosher, Olivia Dooley, and Richard Sauceda, **Thompson, Coe, Cousins & Irons, L.L.P., St. Paul, MN**, for Defendant.

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") brought this action against Defendant St. Cloud Area Family YMCA ("St. Cloud YMCA") under Title VII of the Civil Rights Act of 1964 ("Title VII") "to correct unlawful employment practices on the bases of sex and constructive discharge" and to "provide appropriate relief to aggrieved individuals who were adversely affected by such practices." ECF No. 1 at 1. Presently before the Court is a joint motion to approve a proposed consent decree. ECF No. 16. Because the proposed consent decree, ECF No. 16-1, is procedurally fair, reasonable, and consistent with governing law, the Court grants the motion and enters the consent decree.

## BACKGROUND

On September 25, 2024, the EEOC filed a complaint alleging that St. Cloud YMCA created a hostile work environment for a group of female employees when a manager repeatedly subjected the women to offensive sexual comments about their bodies and propositioned one of them for sex. ECF No. 1 ¶¶ 15–21. The EEOC sought injunctive relief, an order requiring St. Cloud YMCA to create policies to prevent future misconduct, and compensatory damages on behalf of the employees. *Id*. at 5–6.

The parties reached a settlement, and on April 22, 2025, they filed a joint motion asking the Court to enter a consent decree. ECF No. 16. The consent decree would, among other provisions: (1) permanently enjoin St. Cloud YMCA from engaging in employment practices that violate Title VII, ECF No. 16-1 at 3; (2) require St. Cloud YMCA to adopt policies and procedures to more appropriately prevent and address any future misconduct, *id*. at 3–7, 8–14; (3) require St. Cloud YMCA to pay a total of $140,000 to the aggrieved employees, *id*. at 7–8; and (4) remain in effect for four years during which the EEOC could seek appropriate relief with the Court should St. Cloud YMCA fail to comply with any of the decree's provisions, *id*. at 14–15.

## ANALYSIS

"The law strongly prefers settlement agreements, especially in employment discrimination cases." *EEOC v. Prod. Fabricators, Inc*., 666 F.3d 1170, 1172–73 (8th Cir. 2012) (citations omitted). While a private settlement ordinarily need not be approved by a court, *Gardiner v. A.H. Robins Co*., 747 F.2d 1180, 1189 (8th Cir. 1984), a court may take a role in cases where the parties jointly seek a consent decree and the decree would "protect

federal interests," *Prod. Fabricators, Inc.*, 666 F.3d at 1172.  Consent decrees should "spring from—and serve to resolve—a dispute within the court's subject-matter jurisdiction; come within the general scope of the case from the pleadings; and[] further the objectives of the law on which the complaint was based." *Id.*  Accordingly, a court reviews a proposed consent decree for procedural fairness, reasonableness, and legal adequacy.  *Ctr. for Biological Diversity v. Strommen*, 114 F.4th 939, 942–945 (8th Cir. 2024); *see also Prod. Fabricators, Inc.*, 666 F.3d at 1172 (quoting *United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992)) ("When reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy.").

I.   **Procedural Fairness**

Procedural fairness means "the negotiations must have been 'in good faith and at arm's length.'"  *Ctr. for Biological Diversity*, 114 F.4th at 942 (quoting *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1020 (8th Cir. 2002)).  "The 'candor, openness, and bargaining balance' of the negotiations are factors to consider, but what matters in the end is whether there was 'fair play.'"  *Id.* (citation omitted).

There is no indication that the proposed consent decree is anything other than the result of "fair play."  Both sides were represented by counsel, and the negotiations—which apparently lasted several months—appear to have been conducted at arms-length.  Thus, the consent decree is the result of a procedurally fair process.  *BP Amoco Oil PLC*, 277 F.3d at 1020 (granting decree in part because "[n]othing in the record suggests that the

government and the settling defendants were not negotiating in good faith and at arm's length").

## II.     Reasonableness

Reasonableness, sometimes referred to as substantive fairness, asks whether (1) "the consent decree 'springs from and serves to resolve a dispute within the court's subject-matter jurisdiction,'" and (2) "whether the relief it provides 'comes within the general scope of the case made by the pleadings' and 'furthers the objectives of the law upon which the complaint was based.'" *Ctr. for Biological Diversity*, 114 F.4th at 943 (cleaned up) (quoting *Loc. No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986)).

Title VII provides the governing law here and "raises a federal question that falls within the district court's subject-matter jurisdiction." *Id.* (citation omitted). And Title VII makes it unlawful to engage in prohibited employment practices, including discriminating against employees on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). The proposed consent decree furthers the objectives of Title VII because it proposes a set of conditions St. Cloud YMCA must follow to "curb future violations." *Ctr. for Biological Diversity*, 114 F.4th at 944. Indeed, the consent decree requires St. Cloud YMCA to establish adequate policies and procedures to prevent future violations and, if violations occur, to immediately and effectively remedy them. *See generally* ECF No. 16-1 at 3–7, 8–14. In so doing, the consent decree is a "step in the 'right direction.'" *Ctr. for Biological Diversity*, 114 F.4th at 944 (citation omitted). The Court therefore has no reason to suspect that the terms of the consent decree are substantively unfair.

4

### III.  Legal Adequacy

"The final consideration in approving a consent decree is whether the decree reflects the governing law."  *EEOC v. Emp. Sols. Grp., LLC*, No. 19-cv-2315 (NEB/TNL), 2021 WL 6753649, at *2 (D. Minn. Nov. 2, 2021); *see also Ctr. for Biological Diversity*, 114 F.4th at 945 (citation omitted) (internal quotation marks omitted) ("[P]arties to a consent decree cannot agree to violate the law.").

Undoubtedly, the decree here reflects the governing law.  Title VII makes it unlawful to "create[] a hostile or abusive working environment" on the basis of sex.  *Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 823 (8th Cir. 2003).  And assuming the truth of the allegations in the complaint, St. Cloud YMCA did just that when a manager harassed several female employees and St. Cloud YMCA failed to remedy the situation.  A consent decree, which requires St. Cloud YMCA to refrain from future sexual harassment and to implement adequate policies to ensure as much, therefore reflects Title VII's goals.  *See Emp. Sols. Grp., LLC*, 2021 WL 6753649, at *2 ("A consent decree requiring [employer] to, among other things, refrain from further violating the ADA, post notice of the decree, adopt policies against discrimination and retaliation, hold trainings, and display posters about employee rights, as required by EEOC regulation, reflects the ADA.").

### CONCLUSION

Given the above, the Court concludes that the proposed consent decree is procedurally fair, reasonable, and consistent with governing law.  Accordingly, based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED THAT** the joint motion for entry of the consent decree (ECF No. 16) is **GRANTED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 6, 2025                     *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                           United States District Judge