## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **Civil No. 0:24-cv-03738 (LMP/LIB)** |
| **v.** | ) ) ) | **CONSENT DECREE** |
| **ST. CLOUD AREA FAMILY YMCA,** | ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

### CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), an agency of the United States government, and Defendant St. Cloud Area Family YMCA ("Defendant" or "St. Cloud YMCA").

### THE LITIGATION

1.      On September 25, 2024, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant St. Cloud Area Family YMCA ("Defendant" or "St. Cloud YMCA") in the United States District Court for the District of Minnesota alleging that Defendant discriminated against a group of female employees ("Aggrieved Individuals") when it subjected them to a hostile work environment and constructive discharge based on sex in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"). (Docket No. 1). Defendant filed an Answer denying the EEOC's allegations. (Docket No. 7).

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree").

3.      This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendant; Defendant's directors, officers, agents, employees, successors, and assigns; and all persons in active concert or participation with Defendant.

## FINDINGS

4.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

a) The Court has jurisdiction over the parties and the subject matter of this action;

b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

c) The rights of the parties, the Aggrieved Individuals, and the public interest are adequately protected by this Decree;

d) Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Aggrieved Individuals, and the public; and

e) This Decree conforms with the Federal Rules of Civil Procedure and

the Title VII and is not in derogation of the rights or privileges of any person.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION

5.      St. Cloud Area Family YMCA, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in the following employment practices, in violation of Title VII: (1) subjecting employees to harassment based on sex; (2) constructively discharging employees based on sex; and (3) engaging in retaliation against any person who has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## POLICY AND PROCEDURES

6.      Within thirty (30) days of the date of the entry of this Decree, Defendant shall adopt and maintain throughout the Term of this Decree, a policy prohibiting sex discrimination and sexual harassment ("Policy"). Such Policy shall, at minimum, include:

   a)   A prohibition against sexual harassment and a definition of sexual harassment with examples of behavior that could be considered sexual harassment;

   b)   A provision that employees can complain of or report sexual harassment to any person in management or directly to any human

3

resources personnel; and that any employee who receives a complaint or report of sexual harassment must report it to a manager or director or to human resources personnel;

c) A provision that employees reporting or making a complaint about sexual harassment are not required to first complain about the harassment to the person who they allege is engaged in harassment;

d) A provision that supervisors, managers or directors who receive a report or complaint of sexual harassment, or who witness or otherwise become aware of sexual harassment, must promptly report the conduct (whether or not any employee has objected to the harassment) to the executive director, a department director or human resources personnel;

e) A provision that all harassment complaints and reports will be promptly investigated by human resources personnel who are trained to conduct such investigations, and the investigation will include interviews of relevant and available witnesses and review of all relevant and available documentation. The investigation will start within three (3) days after the complaint is received by human resources (or sooner, if the gravity of the allegation(s) makes it reasonable to begin sooner). Defendant will protect the confidentiality of harassment reports and complaints to the extent possible;

f) A provision that an employee found to have engaged in sexual

harassment will be subject to discipline, up to and including termination;

g) A provision that employees who report or complain of sexual harassment or provide information related to such reports or complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination; and

h) A provision that, for investigations prompted by a complaint, promptly upon the conclusion of its investigation, Defendant will communicate to the complaining individual the results of the investigation and the remedial actions taken or proposed, if any.

7.    Within sixty (60) days after the entry of the Decree, Defendant shall provide the EEOC with a copy of the Policy. In the event Defendant modifies the Policy during the Term of this Decree, Defendant shall provide the EEOC any modified policy within seven (7) days after it is modified.

8.    Defendant shall continue to use its Employee Engagement Survey to survey its employees at least annually.  Within thirty (30) days after the entry of the Decree, Defendant shall revise its Employee Engagement Survey to state that if employees believe they have witnessed or are experiencing sexual harassment, (i) they are encouraged to contact their supervisor, manager, director or human resources and (ii) they may also provide information on the Employee Engagement Survey form that would help Defendant to investigate, such as the names and departments of persons involved

and information about what happened. Defendant shall also revise the Employee Engagement Survey to add questions with the following prompts:

a) Training: I am aware that St. Cloud YMCA has training on sexual harassment.

b) Training: I have received training on sexual harassment while working at St. Cloud YMCA.

c) Training: If I am subjected to sexual harassment or see somebody else being harassed, I know how to report it and whom to report it to.

d) Director/Supervisor: My supervisor understands St. Cloud YMCA's sexual harassment policies and I feel that I could complain to my supervisor if I experienced sexual harassment.

e) Executive Leadership: Our executive leadership team is competent at addressing sexual harassment in the workplace and taking prompt action to stop or prevent it.

f) Executive Leadership: St. Cloud YMCA's sexual harassment policies and what actions it will take to address sexual harassment have been communicated to me.

g) Environment: I have seen or heard disrespectful or potentially harassing conduct in the workplace at St. Cloud YMCA within the last year.

9. Within twenty-one (21) days after the completion of the Employee Engagement Survey, Defendant shall review the responses and promptly investigate and address any comments that may indicate a sexual harassment complaint, if information is

provided that would permit Defendant to investigate (such as names, job titles, and/or departments of persons involved or other details about the alleged conduct is sufficient to permit an investigation); responses that indicate employees are not aware of sexual harassment training; responses that indicate directors/supervisors do not understand their responsibilities in addressing sexual harassment; and/or responses that indicate executive leadership are not effectively addressing sexual harassment.

10.     Within fourteen (14) days after the completion of the Employee Engagement Survey, Defendant shall provide the EEOC with a copy of the completed survey and recorded results for the items listed above in Paragraph 8 (a) – (g) and any comments within the scope of Paragraph 9.

11.     Nothing in this Decree represents an endorsement by the EEOC or by the Court that either Defendant or any of its policies has been or is in compliance with federal anti-discrimination laws.

## MONETARY RELIEF

12.     Defendant agrees to pay a total of $140,000.00 to resolve this lawsuit.

13.     Within ten (10) days of the approval of this Decree by the Court or within ten (10) days after Defendant receives the Release, attached as **Exhibit A**, signed by each Aggrieved Individual, whichever is later, Defendant shall make payment to each Aggrieved Individual. The EEOC will determine the amounts to be allocated to each individual and will communicate this information to Defendant. In addition, Defendant will provide a W-2 income tax form for back pay to the Aggrieved Individual(s). Defendant will make all appropriate withholdings and employer tax contributions

applicable to the back pay amount. However, Defendant may not deduct the employer's share of applicable taxes from the amount paid for back pay. Defendant will provide a 1099 tax form for the compensatory damages to the Aggrieved Individual(s). Defendant shall provide the EEOC with a copy of the checks and any related correspondence provided to the Aggrieved Individuals.

14. If any portion of the monetary relief is not paid to any Aggrieved Individual within ten (10) days of the approval of this Decree by the Court or after Defendant receives a Release, attached as **Exhibit A**, signed by the Aggrieved Individual, whichever is later ("Unpaid Amount"), then for each day beyond the tenth day that such portion remains unpaid, Defendant shall pay to the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount.

## POSTING OF NOTICE

15. No later than ten (10) days after entry of this Decree, Defendant shall post copies of the Notice attached as **Exhibit B** to this Decree in locations on bulletin boards or other physical spaces that are regularly used by Defendant for posting legal notices concerning employee rights in all its locations. Such notice shall remain posted for the duration of this Decree. No later than fifteen (15) days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notice has been properly posted and distributed in accordance with this Paragraph.

## RECORD KEEPING

16. During the term of this Decree, Defendants shall maintain and make available for inspection and copying by the EEOC written records of every complaint or

report of sexual harassment and every complaint or report of resignation or constructive discharge due to sexual harassment at St. Cloud Area Family YMCA. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address, email address; telephone number, and if the person is under the age of 18, include the person's age; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## **REPORTING**

17.     During the term of this Decree, Defendant shall provide to the EEOC the following written reports ("Reports") every six months. The Report shall be due six (6) months after the entry of the Decree. Subsequent Reports shall be due every six (6) months thereafter, except that the final Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Report shall contain:

      a.   Copies of all records described in Paragraph 16 for the six (6) month period of the Report; or

b. A certification by Defendant that no complaints or reports of sexual harassment or resignation or constructive discharge based on sexual harassment were received during that period.

## TRAINING

18.     During the term of the Decree, Defendant shall provide annual training to its executive director, directors, managers, and supervisors on Title VII with particular emphasis on sexual harassment and an employer's obligations to prevent discrimination based on sex and sexual harassment. The training shall be in-person and include the following:

a. How to recognize discrimination and harassment, particularly sexual harassment;

b. How to take preventative and corrective action against discrimination and harassment, particularly sexual harassment;

c. Responsibilities of managers under equal employment opportunity laws and Defendant's policies;

d. How to properly handle and investigate complaints of discrimination and harassment, particularly sexual harassment in a neutral, objective manner; and

e. How to prevent retaliation.

Defendant shall repeat this in-person training at least once every twelve (12) months for the duration of the Decree and shall occur within sixty (60) calendar days of each anniversary following entry of the Decree. The first annual training shall be completed

within sixty (60) days of entry of the Decree. The trainings will be in-person and will be recorded so that employees who missed the live, in-person training, can view the recording as a make-up session. A list of attendees shall be maintained for each training session required under this Paragraph.

19.     During the term of this Decree, Defendant shall provide training at orientation for new employees in addition to a separate annual training to all non-management St. Cloud YMCA personnel. Such training can be online and shall include the following:

a.  Real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on categories protected by Title VII with specific examples related to comments or behavior that would be offensive because of sex;

b.  Interactive activities that provide participants opportunities to answer and ask questions about how to recognize and respond to potentially harassing or offensive behavior;

c.  Information about St. Cloud YMCA's policies that prohibit sexual harassment, the procedures for reporting sexual harassment complaints, and that St. Cloud YMCA will take prompt and appropriate corrective action to investigate and remedy sexual harassment and other discrimination. St. Cloud YMCA will keep complaints, reports and the identities of individuals who complain confidential to the extent practicable;

d.  Information that encourages bystander reporting, meaning that all individuals in the workplace are encouraged (and supervisors and managers are required) to take action if they observe harassment or offensive conduct, and an explanation on what actions they can take;

e.  Information that gives particular attention to youth employees and explains to them that they have a right to complain about treatment that they believe is discrimination or harassment. Youth employees should be informed that St. Cloud YMCA cannot discipline them, punish them, treat them differently or harass them if they report discrimination or harassment because that is retaliation, and it is against the law. Additionally, the training should inform youth employees that federal law protects them from being harassed by their supervisor, a supervisor in another department, coworkers, and/or customers.

Defendant shall provide annual training to all employees at least once every year and the training shall be completed by October 31 of each year during the duration of the Decree. A list of attendees shall be maintained for each training session required under this Paragraph.

20.  At the beginning of each training session held under this Decree, St. Cloud Area Family YMCA Executive Director will introduce the trainer and affirm that sexual harassment will not be tolerated at St. Cloud YMCA, and sexual harassment complaints will be promptly investigated.

21.     Defendant shall notify the EEOC of its proposed trainer(s) and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 18 and 19 above. The trainer shall not be an owner, officer, or employee of Defendant. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to object to the proposed trainer(s) and/or content the trainer proposes to present. In the event the EEOC objects to Defendant's proposed trainer(s) and/or training materials, Defendant shall have five (5) business days to identify an alternative trainer and/or make changes to the training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to object to the alternate trainer, and/or revised training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraphs 24 and 25 below.

**i)**      No later than five (5) business days after each training session described in Paragraphs 18 and 19 above takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the list of attendees, which shall include the name and position of each person trained; (c) a current list by name, position,

and location of all the employees subject to the training requirement, specifically denoting any employees who did not receive the training; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC. Defendant shall provide makeup training for any individuals who miss the initial training session within thirty (30) days of the initial training session and inform the EEOC of the same within five (5) days after the makeup training is completed.

## DISPUTE RESOLUTION

22.     If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant fourteen (14) calendar days (or such longer period that the Parties may agree to) to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within that period Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

23.     In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

## TERM OF THE DECREE

24.     This Decree shall remain in effect for a term of four (4) years immediately following the entry of the Decree, unless extended by order of this Court, except that if any disputes remain unresolved at the end of the term of the Decree, the term of the Decree shall be automatically extended and the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.  No party will contest the validity of this Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

## NEUTRAL EMPLOYMENT REFERENCE

25.     St. Cloud YMCA will provide neutral employment references for the Aggrieved Individuals. When providing reference check information for any of the Aggrieved Individuals, Defendant will inform prospective employers that each individual was employed for the dates of employment.

## REHIRE AND/OR REINSTATEMENT

26.     St. Cloud YMCA will offer reinstatement to the Aggrieved Individual for whom the EEOC asserted a constructive discharge claim.

27.     Defendant hereby certifies that each Aggrieved Individual is eligible for rehire at St. Cloud Area Family YMCA.

## MISCELLANEOUS PROVISIONS

28.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except by order of the Court under Paragraphs 24 and 25.

29.     The terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

30.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management employee of Defendant to the best of such owner's, officer's, or management employee's knowledge, information, and belief.

31.     Upon ten (10) days' notice, Defendant will make available for inspection and copying any records requested by the EEOC, facilities sought to be inspected by the EEOC, and employees sought to be interviewed by the EEOC, , except that Defendant shall permit a representative of the EEOC to enter Defendant's premises without prior notice for purposes of verifying compliance with Paragraph 15 of this Decree at any time during normal business hours.

32.     Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on any agreement by the Aggrieved Individual to: (a) maintain as confidential the facts and/or allegations underlying the charges, their complaints, or the

terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from applying for a job with Defendant or any successor of Defendant; or (d) enter into a non-disparagement and/or confidentiality agreement.

33.     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

a)      The Defendant's EIN is: 41-0952420

b)      The individual to whom the EEOC should email a copy of the form 1098-F, if required to do so, is:

Name: Tina Norlund

Email Address: tina.norlund@scymca.org

34.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by electronic mail to CDO_Decrees@eeoc.gov. In addition, Defendant should also send reports by U.S. Mail to St. Cloud Area Family YMCA Consent Decree Compliance, Legal Unit,

U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St, Ste. 2920,

Chicago, IL 60604.


**SO ORDERED.**

**By the Court:**


Dated:  May 6, 2025                    *s/Laura M. Provinzino*
                                       Laura M. Provinzino
                                       United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.


This 22nd day of April 2025.

ATTORNEYS FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

s/ Justin Mulaire
Justin Mulaire
Assistant Regional Attorney
Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: justin.mulaire@eeoc.gov


s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov


s/ Elizabeth Banaszak
Elizabeth Banaszak
Trial Attorney

EEOC Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9676
Email: elizabeth.banaszak@eeoc.gov


ATTORNEY FOR DEFENDANT ST. CLOUD
AREA FAMILY YMCA


s/ Kevin M. Mosher
Kevin M. Mosher (#0321898)
Thompson, Coe, Cousins & Irons, LLP
370 Wabasha Street North, Suite 1000
St. Paul, MN 55102
Telephone: (651) 389-5000
Email: kmosher@thompsoncoe.com

**EXHIBIT A**

**<u>RELEASE AGREEMENT</u>**

In consideration of $_____ to be paid to me by Defendant in connection with the resolution of *EEOC v. St. Cloud Area Family YMCA,* Case No. 0:24-cv-03738 LMP-LIB (D. Minn.), I waive my right to recover for any claims of sex discrimination arising under Title VII of the Civil Rights Act of 1964 (Title VII) that I had against Defendant on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. St. Cloud Area Family YMCA,* Case No. 0:24-cv-03738 LMP-LIB (D. Minn.).


Signed: _____          Date: _____
       Aggrieved Individual

**EXHIBIT B**

<u>**NOTICE TO EMPLOYEES**</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court in the District of Minnesota resolving a lawsuit filed by U.S. Equal Employment Opportunity Commission (EEOC) against St. Cloud Area Family YMCA, *EEOC v. St. Cloud Area Family YMCA,* Case No. 0:24-cv-03738 LMP-LIB (D. Minn.).

In the lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 by subjecting a group of female employees to sexual harassment and constructive discharge, meaning the individual was forced to quit due to the harassment.

To resolve this case, the EEOC and Defendant have entered into a Consent Decree that provides, among other things, that Defendant will pay the employees who were affected by the violations. Defendant will not discriminate based on sex, and Defendant will adopt and distribute a policy related to sex discrimination and sexual harassment provide training to its employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex , religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's website at: www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC Minneapolis Office by phone at (612) 552-7334 or by TTY at 1-800-669-6820. The EEOC charges no fees.

<u>**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**</u>

This Notice must remain posted for four (4) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed by email to CDO_Decrees@eeoc.gov.

_____
Greg Gack
Executive Director
St. Cloud Area Family YMCA